CATHERINE MARTIN v. JOHN O'CONNER.

*Value of Improvements allowed to Defendant in Ejectment—Comp. L*
*§§ 6252-3 and Act 180 of 1875 criticised.*

The Michigan statutes giving compensation for improvements to
a defendant in ejectment who had been in actual possession
for six successive years (Comp. L., §§ 6252-3; Act 180 of 1875)
do not apply where the defendant is one of several tenants
in common; if they did he might recover from each the full
value of the improvements.

Case made from Kent. Submitted Oct. 9. Decided Oct. 23.

EJECTMENT. The facts are in the opinion.

*Champlin & More* for plaintiff. Each tenant in common
is entitled to occupy, *Everts v. Beach*, 31 Mich., 137, and
no one is obliged to pay for improvements made without his
consent by his co-tenant. 2 Bouv. Inst., 315; *Crest v. Jack*,
3 Watts, 238; *Thurston v. Dickinson*, 2 Rich. Eq., 317.

*Wm. L. Stoughton* for defendant. The common-law rule
is changed by the statute, 1 Washb. Real Prop., 571.

MARSTON, J. The question raised comes up upon a case
made from the Kent circuit. Plaintiff brought ejectment,
claiming in fee an undivided one-fifth of the premises de-
scribed. The defendant pleaded the general issue, and filed
therewith a claim in writing under §§ 6252 and 6253 of the
Compiled Laws as amended by act No. 180, p. 207 of the
Session Laws of 1875, to recover the value of certain im-
provements made by him, and which consisted in clearing
the land, fencing and ditching the same and in the removal
of stumps.

The counsel for the plaintiff, to maintain and prove the
issue on his part, gave in evidence to show that Michael
Cusick died on or about the 7th day of January, 1864,
intestate, leaving no wife, children, father or mother; that
his sole and only heirs at law were Martin Cusick, his

brother, and Mary O'Conner, the wife of the defendant, Winefred Cuples, Bridget Duffield, and the plaintiff Catharine Martin; that the said Michael Cusick was, at the time of his death, the owner and in possession of the land in question; that in the year 1864, and after the death of said Michael Cusick, the said Martin Cusick and Winefred Cuples conveyed all their interest in said land, as heirs at law of said Michael Cusick, deceased, by quit-claim deed to said defendant; that the plaintiff is a sister and one of the heirs of said Michael Cusick, and resided in Ireland, in the kingdom of Great Britain, until the year 1872, since which time she has been a resident of the city of New York; that the said defendant, after the execution and delivery of the quit-claim deeds aforesaid, and in the year 1864, entered into the possession of said land in question, and was so in possession up to the time of the commencement of this suit; that in the month of April, 1876, and before the commencement of this suit, Martin Cusick, having authority from the plaintiff so to do, demanded possession of her share as heir at law of Michael Cusick, deceased, from John O'Conner, but that he refused to deliver up possession thereof to the plaintiff.

And the said defendant, to maintain and prove the issue on his part, offered to show in evidence that in the year 1864, and more than six years before the commencement of this suit, and after the death of said Michael Cusick, the said defendant entered into the possession of the land in question, and remained in the actual and peaceable possession thereof until the year 1876, and made prior to the demand of the said plaintiff for the possession of her share as heir at law valuable improvements, as already stated.

Counsel for plaintiff objected to the evidence offered to show improvements made for the reason, *second*, because the possession of the defendant was not adverse to the plaintiff until demand and ouster, but that he was a tenant in common with said plaintiff, and the statute under which the proposed proof is offered does not apply to such case of tenants in common. This objection the court sustained, and thus arises the only question in the case.

37 MICH.—56.

Up to 1875 the statutes of this State have provided that when the defendant in ejectment, or those through whom he claimed title, had been in actual possession of the premises for six successive years or more, claiming title by virtue of a sale made by an executor, administrator or guardian, or under a sale made for non-payment of taxes, he should be allowed a compensation for any buildings and improvements made on the premises by him or any person through whom he claimed title.    In 1875 the Legislature amended the statute by omitting in its re-enactment all reference to the source from whence the defendant derived or claimed title, and authorized compensation for improvements to be allowed where the defendant, or those through whom he claimed, had been in actual possession six years, or where occupied for a less time under a color of title and in good faith.

This section, as it now stands, is broad and general, and at first reading would seem to include and embrace all classes and cases in ejectment.    Taken as it reads, literally, and it would allow the defendant in this case, to the full extent that such improvements have increased the present value of the premises, even although the plaintiff claims and recovers only an undivided one-fifth.    So that if the defendant had not previously purchased the interest of some of the other heirs in and to these premises, and they severally had brought ejectment to recover, each one-fifth, upon the theory of this case, the defendant in each separate case would have recovered the increased value of the premises on account of such improvements, and yet have retained an undivided one-fifth interest in the premises and improvements.

The bare statement of such a result shows that the statute cannot receive the construction which its general language would at first blush seem to warrant.    It is evident to my mind that the framers of this statute did not, and that the Legislature in enacting it, did not contemplate a case like the present, and others somewhat similar in character, all of which might be considered exceptional on account of the peculiar relations existing between the parties, and their legal rights, duties and liabilities arising therefrom. Any attempt on our part to construe this statute to meet

this class of cases would be unwarranted. A radical and important change would be required in this section and others in connection therewith, in order that cases like the present might be included within its provisions.

As there was no error in the ruling, the judgment must be affirmed with costs, and the record remanded for farther proceedings.

The other Justices concurred.