Ex rel. John Burkle et al. v. The Circuit Judge for Ingham County.

42 513
117 314

*Ejectment—Special findings—Pay for improvements.*

Where special findings in ejectment are inapplicable to the case, they are nugatory and a general judgment should be entered, whether the findings are stricken from the record or allowed to remain.

The statutes allowing for improvements on a recovery in ejectment (Comp. L., § 6252: Act 180 of 1875) can apply only to cases where the plaintiff establishes a title in fee simple.

Mandamus.    Submitted Jan. 13.    Denied Jan. 20.

*H. B. Carpenter* for the writ.

*M. V. & R. A. Montgomery* against.

Cooley, J.    An application for a mandamus is made to us, based on certain proceedings in an action of ejectment.    The defendant in the suit had for many years been in possession of the land in dispute under tax-titles, and had made valuable improvements.    The plaintiff claimed the land by devise from the owner of the original title, and it seems to have been a matter of dispute whether the interest devised was the fee simple or a life estate merely.    The defendant under the statute filed a claim to have the value of his improvements assessed by the jury, in case the plaintiff should recover.    There were two counts in the plaintiff's declaration in one of which she claimed the fee and in the other only a life estate.    She recovered on the count last mentioned. The jury assessed the increased value of the land by reason of defendant's improvements at $1480, and the value of the land independent of the improvements at $1332.    Immediately on the verdict being returned, the clerk, without any motion being made for the purpose, entered up judgment for the plaintiff that she recover possession of the land according to the verdict.

42 MICH.—65.

At tne succeeding term of the court the plaintiff, who seems to have been doubtful about the regularity of her judgment, which took no notice of the special findings, moved the court to vacate and set aside the judgment, and to strike out the special findings as being inadmissible in such a case. This motion was opposed by the defendant, but was granted by the court. The plaintiff then had judgment entered in the same form as before, that she recover possession.

The defendant now applies for a mandamus to compel the circuit judge to vacate the action so taken by him on the plaintiff's motion, and to restore the special findings. The first thing that strikes the mind on this application is that the action complained of was entirely immaterial to the plaintiff, and in no manner important to her rights, and if irregular, as the defendant contends, the irregularity was of no importance, as the case stood, after the action was taken, in the same condition as it did before. The clerk had entered a general judgment for the plaintiff; and if the special findings were inapplicable to the case, this was the proper judgment to be entered, whether the special findings were struck out or left in the record. The findings were merely nugatory if the case was not one in which they were important.

The question remains, however, whether the judge was correct in holding that the special findings were inapplicable to the case.

The statute provides that "whenever in any action of ejectment the plaintiff, or any one or more of the plaintiffs, if there be more than one, shall recover, the defendant or defendants shall be allowed compensation for buildings and improvements on the premises recovered, erected, or made by him or them [or] by any person through whom he or they claim title, to the extent that such buildings and improvements shall increase the present value of said premises: *Provided*, the defendant or defendants, or the person through whom he or they claim title, shall have been in the actual, peaceable occupation of the premises recovered, for six years before the commencement of the action: *or provided* the same shall have been so occupied for a less time than six years under a color of title and in good faith."

In the cases specified in the statute the defendants may file a claim to have the increased value of the premises by reason of the improvements found by the jury, and also the value of the land if the improvements had not been made; and the plaintiff, if he recovers, must either pay the value of the improvements and take the land, or he must abandon the land to the defendant on being paid the value with the increase by reason of the improvements deducted. ·Public Acts 1875, p. 207.

The most cursory reading of this statute must satisfy one that it undertakes to provide only for the case where the plaintiff establishes a title in fee simple. The value of the land is to be assessed in favor of the plaintiff, and the defendant must pay this value if the plaintiff abandons to him. On the other hand the increased value of the land by reason of the improvements is assessed against the plaintiff, and he must pay this if he elects to take possession. No provision is made for the case of interests less than the fee, and the statute is incapable of being applied to such a case.

This is exclusively a statutory proceeding. All the rights the defendant can have must come from the statute. If that is insufficient to protect his equities, we cannot legislate to give him suitable remedy. *Martin v. O'Conner*, 37 Mich., 440; *Sands v. Davis*, 40 Mich., 14; *Morris v. McKay*, 40 Mich., 326. To do full justice in all cases, further legislation is needed.

The writ must be denied.

The other Justices concurred.