RUTLAND RAILROAD COMPANY *v.* GEORGE T. CHAFFEE ET AL.

May Term, 1900.

Present : TAFT, C. J., ROWELL, TYLER, MUNSON, START, THOMPSON and WATSON, JJ.

Opinion filed August 29, 1900.

*Railroads—Estate of railroad company in land taken by right of eminent domain*—The right of a railroad company in land taken by it in the exercise of the right of eminent domain is something more than a mere easement. The railroad company is seised and possessed of such an estate in the land as is necessary to it uses.

*Betterments—Right as to betterments not affected by constructive notice*—That land upon which betterments have been made had been taken by a railroad company in the exercise of the right of eminent domain, does not affect the question of notice to the one making the betterments. The right to recover for betterments depends upon the supposition of the one making them that he purchased the title in fee, and his right is not affected by constructive notice.

*In contemplation of the betterment statute structures on right of way of railroad not necessarily nuisances*—It cannot be said that, in contemplation of the betterment statute, buildings and other structures erected on a railroad company's right of way are nuisances and not improvements.

*Judgment for betterments on railroad company's right of way*—In an action of ejectment by a railroad company to recover the seisin and possession of lands constituting a portion of its right of way taken by it in the exercise of the right of eminent domain, the defendant may under a proper declaration recover judgment against the company for betterments upon such lands, under the rule of damages provided by V. S. 1500.

*Execution on judgment for betterments—Right of way of railroad cannot be levied on*—Upon a judgment for betterments obtained in an action of ejectment execution can issue only against the lands recovered in such action, and land used by a railroad company as its right of way cannot be levied on to satisfy such execution.

*Judgment for betterments on right of way of railroad—Judgment creditor must resort to equity*—One who, under a proper declaration in an action of ejectment, has recovered judgment against a railroad company for betterments upon its right of way, not being permitted to enforce his judgment in the ordinary manner, is left to his remedy at equity, which may appropriately be by way of an injunction restraining the

railroad company from using the lands in question until the judgment for betterments is paid.

*Equitable jurisdiction—Remedy at law inadequate—The rule*—When the law gives a person a full legal right, without a full, ample and complete remedy at law, equity has jurisdiction to afford relief.

ACTION OF EJECTMENT. The plaintiff recovered final judgment for the seisin and possession of the demanded premises at the October Term, 1898, of the Supreme Court. After the rendition of that judgment the defendants, with leave of court, filed a declaration against the plaintiff for betterments, and the case was remanded and issue joined on that declaration. Trial by jury, Rutland County, March Term, 1900, *Rowell*, J., presiding. It appeared from the opening statement of the defendant's counsel that the demanded premises were a part of the plaintiff's right of way for its railroad, taken and acquired by the exercise of its right of eminent domain and not otherwise; whereupon the plaintiff objected that, that being so, no recovery for betterments could be had. The court so ruled *pro forma* and directed a verdict for the plaintiff accordingly, and rendered judgment thereon. The defendants excepted.

*W. W. Stickney* and *J. G. Sargent* for the plaintiff.

*Butler & Moloney* and *J. C. Baker* for the defendants.

TAFT, C. J. The plaintiff in this case brought an action of ejectment against the defendants to recover the seisin and possession of a strip of land along the margin and a part of their road-bed in the City of Rutland. The defendants had erected buildings upon the land and for many years occupied them as store houses for the reception, storage and delivery of freight sent by and to them upon the plaintiff's railroad.

The plaintiff recovered judgment in the Supreme Court, (see 71 Vt. 84,) and at that term the defendants filed a declaration for betterments, and the cause was remanded to the County Court for trial. Upon trial in the court below it appeared that the demanded premises were a part of the plaintiff's right of

way for its railroad taken and acquired in the exercise of eminent domain, whereupon, the plaintiff claimed that no recovery for betterments could be had; the court *pro forma* so ruled and directed a verdict for the plaintiff, and rendered judgment thereon, to which the defendants excepted and the cause comes to this court upon said ruling. According to sec. 1500 V. S., "After final judgment for the plaintiff in an action of ejectment, if the defendant has purchased the land recovered in such action or taken a lease thereof, supposing at the time the title to be good in fee or such lease to convey the title and interest therein expressed, such defendant shall recover of the plaintiff the full value of the improvements made upon the land by him or by those under whom he claims and the increase in the value of the land in consequence of the betterments so made shall be held to be the value of such betterments." By sec. 1502 V. S., the court is empowered to stay proceedings in the ejectment suit and the land so recovered shall be held to respond to any judgment rendered for the defendants in the action upon their declaration for betterments and by sec. 1505 V. S., execution on such judgment shall issue only against lands so recovered in the action of ejectment. It is urged by the plaintiff that their right of way cannot be held to respond to a judgment rendered on a declaration for betterments nor execution be levied upon a railroad's right of way for the reason that neither the creditor nor the purchaser at execution sale has any franchise to make use of the same, and that the right of way cannot be used apart from the franchise, and that the franchise cannot be enjoyed without the right of way.

This is undoubtedly true, so far as the levy of an execution upon the land is concerned. It cannot be levied upon for the reason alleged, and for the further reason, that the statute referred to prohibits it.

It is claimed that no recovery can be had for betterments imposed on a railroad company's right of way which was acquired by the exercise of its power of eminent domain and not otherwise;

that its right is an incorporeal hereditament in the nature of an easement; that the recovery can be had only against the rightful owner of the land and not one having an easement therein. The right of the railroad company is something more than a mere easement : it is seised and possessed of the land under the statute, of such an estate as is necessary for its uses. It was settled in this case, 71 Vt. 84, that the plaintiff had such an estate in the land in question that ejectment would lie. Its estate is of such a nature that the statute relating to betterments is applicable. If ejectment can be maintained by the plaintiff the defendants may claim the benefits, if any, that they are entitled to under the betterment statute.

The plaintiff insists that the defendants could not make improvements on a railroad's right of way in this State, supposing their title to be good in fee for the reason that a railroad is of such a permanent character that whoever purchases land adjacent to its right of way after its construction must take notice of the rights of the company as shown by the filed location, construction, and operation of its road. That is, they are chargeable with constructive notice. But under our statute betterments made upon railroad lands stand no differently from those made upon the lands of private individuals. The question is one of fact whether when the defendants purchased the land, they supposed their title in fee was good. It is held in this State that constructive notice which the law implies from the registry of a deed is not sufficient to preclude one from recovering for betterments, who in fact purchased in good faith and with the supposition that he was obtaining a perfect title in fee. *Whitney* v. *Richardson*, 31 Vt. 300. It was held in *Kendall* v. *Tracy*, 64 Vt. 522, that defendants can not recover for betterments when they had actual knowledge of a mortgage resting upon the land, and it is said that the right of a party to betterments depends upon his *bona fide* supposition that he bought the land with title in fee. Neither can it be said as against this statute that buildings and structures erected upon a

railroad's right of way are nuisances and cannot be regarded in law as improvements.

The statute provides for a recovery for betterments and for a judgment in favor of the party making them for the damages sustained by him. The rule of damages is prescribed by the statute, viz., " the increase in the value of such land in consequence of betterments so made." Under its provisions a judgment may be obtained against the plaintiff in ejectment. Upon such judgment an execution can issue only against the land so recovered in the action.. Having recovered a judgment for betterments, the defendant in the action of ejectment is confronted with this dilemma. He can have an execution only against the land recovered in the action, and the land being used by the railroad as its right of way, cannot be levied upon to satisfy the execution. The law gives to the party a judgment for the damages which he has suffered, but will not permit him to enforce the judgment in the ordinary way by execution.

When the law gives a person a legal right, without a full, ample, and complete remedy at law, equity has jurisdiction to afford the party relief, and it may do so in this case if the party is so advised.

It is analagous in principle to the ruling of the court in cases when a land-owner permits a railroad company to enter upon his land and construct its road, or stands by and sees the company do it, and makes no objection thereto, and no damages are paid him for such taking of his land ; while the land-owner cannot maintain trespass nor ejectment because the land was entered upon by his license, nor assumpsit, perhaps, after two years have elapsed, or the corporation is insolvent, equity grants the party relief by perpetually enjoining the road from occupying the land until the damages are paid. In analogy with this principle, in this case the plaintiff can be perpetually enjoined from using the premises until it pays the defendants the judgment, if any is obtained, for their betterments. There is nothing inconsistent in this. The land which is the subject of controversy cannot be taken, and

(

used by any other party than the plaintiff, and the defendants who are damaged by reason of their betterments can obtain relief in the manner indicated. A majority of the court direct,

*The pro forma judgment is reversed and cause remanded.*