BLOOM *v.* STRAUSS.

Opinion delivered March 1, 1902.

1. WILL—OMISSION OF NAMES OF CHILDREN.—Where a wife devised all her property to her husband, without mentioning the names of her children in the will, such will is inoperative by virtue of the statute (Sand. & H. Dig., § 7400), and the property passed to the children, subject to the husband's right of curtesy. (Page 486.)

2.  COLOR OF TITLE—DEFECTIVE WILL.—A will which omits to mention the names of the testator's children, though inoperative as a devise, may constitute color of title, within the meaning of the betterment statute (Sand. & H. Dig., § 2590). (Page 487.)

3.  BETTERMENTS—LIFE TENANT.—The holder of a life estate may be entitled to compensation for betterments when he in good faith claims the entire estate under color of title thereto, and makes improvements under the belief that he is the owner in fee. (Page 487.)

4.  HOMESTEAD—INFANT.—Where the only obstacle to an infant daughter's possession of her mother's homestead was an estate of curtesy in her father vested prior to the adoption of the constitution of 1874, the daughter's right of possession accrued upon her father's death. (Page 488.)

5.  EJECTMENT—INFANT'S HOMESTEAD—BETTERMENT.—An action of ejectment by an infant daughter to recover her deceased mother's homestead cannot be defeated by a claim for compensation for improvements made by defendant, nor is there authority for assessing the value of such improvements, leaving the enforcement of such judgment in suspense until the expiration of the infant's homestead estate. (Page 488.)

Appeal from Jefferson Circuit Court.

ANTONIO B. GRACE, Judge.

Affirmed.

STATEMENT BY THE COURT.

Action of ejectment brought by Simon Strauss and other children and heirs of Hannah Strauss against Hanchi Bloom to recover two lots in the city of Pine Bluff and other land in Jefferson county. Hannah Strauss, who was the former owner of this real estate, married Abraham Strauss in 1866, and she purchased the land and received a deed to it from the owners in 1870. She and her husband had their dwelling house and home on the two lots in Pine Bluff, and by her several children were born to them, the eldest of whom was born in 1867. Mrs. Strauss died in 1882, leaving surviving her Abraham Strauss, her husband, and several children, who are the plaintiffs in this action. She left a will devising the lands in controversy to her husband, Abraham Strauss, in fee. The will is in all respects regular, except that it does not expressly mention the name of either of her children. The only reference to them in the will is a request of her husband

that he "take good care of, and properly guard, educate, and raise, my children." Abraham Strauss, after the death of his wife, Hannah Strauss, married the defendant, Hanchi Strauss, now Hanchi Bloom. They continued to occupy the property named as their home. Strauss placed improvements upon it, and defendants assert that he made these improvements in good faith, believing that he was the owner of it under the will of his first wife. Strauss had two children by his marriage with defendant. He died in 1894, leaving a will in which he devised the land in controversy to his wife, Hanchi Strauss, for life, and after her death to his children.

After his death his wife, Hanchi Strauss, continued to occupy the dwelling house with the children of Strauss until 1898, when she married Isaac Bloom, since which time she has occupied the property with her husband, Bloom, and her children, to the exclusion of her step-children, the plaintiffs in the action. The plaintiffs thereupon brought this action of ejectment to recover the property and damages. Mrs. Bloom set up statute of limitations; also a claim for the value of the improvements placed on the land by her first husband, Abraham Strauss, and herself.

At the time of the trial all of the plaintiffs were 21 years of age except Josie Strauss, who was about 18 years of age. There was a verdict in favor of Josie Strauss for the possession of the lot on which the dwelling house was located, and $418 damages, and in favor of all the plaintiffs for the remaining lands. Judgment was rendered accordingly, and defendant appealed.

*Crawford & Hudson* and *Reinberger & Ewing,* for appellants.

The will was not a nullity. 31 Ark. 142; 23 Ark. 569. Appellees are barred by the three years statute of limitations, even if entitled to inherit. Sand. & H. Dig., § 4822; 53 Fed. 875. Hannah Strauss had no homestead rights in the lands, since the possessory right was in her husband as tenant by the curtesy. 56 Ark. 144; Const. 1868, art 12, § 5; 56 Ark. 21; 38 Ark. 91; 29 Ark. 280; 31 Ark. 149. A reasonable compensation for repairs is allowable to the occupant of a minor's homestead. 61 Ark. 27; 48 Ark. 183. The improvements having been made in a *bona fide* belief of ownership, the claim for betterments accrued when suit was instituted by appellees. 45 Ark. 410; 67 Ark. 184; 66 Ark 193.

*J. M. & J. G. Taylor,* for appellees.

No claim should be allowed for expenditures or betterments made after the institution of the ejectment proceedings. Sedg. & W. Trial of Title to Land, § 705; 85 Ill. 129. Improvements by a life tenant are not allowable as betterments. Sedg. & W., *supra,* § 705; 81 N. C. 385. Minors cannot be improved out of their homesteads. 61 Ark. 32; 47 Ark. 456; 55 Ark. 369. The possession of the claimant for betterments must be under claim of title, and not a mere right to occupy. 45 Ark. 419; 23 Ia. 236; 21 Ia. 479. The title of Strauss must not have been permissive. 18 So. 19; 5 So. 387; 62 Miss. 581; 100 Mass. 180; 32 Mass. 143; 117 Mass. 362; Sedg. & W., *supra,* §§ 479, 481; 33 Mass. 263; 66 Mass. 465; 60 Tex. 582.

Riddick, J., (after stating the facts.) This is an action of ejectment. Both parties admit that Hannah Strauss was at one time the owner of the land sued for, and base the respective rights claimed by them in this action upon her title. The plaintiffs claim the right to recover as her children and heirs. The defendant concedes their title, but sets up a claim for improvements on the ground that her husband, believing in good faith that he was the owner of the land by virtue of the will of Hannah Strauss, made valuable and permanent improvements upon it, and afterwards devised it by his will to the defendant.

It is conceded that the will of Hannah Strauss devising the land in question to her husband, Abraham Strauss, does not mention the name of either of her children. For this reason we shall not consider the question as to whether the general reference to the children in the will was a sufficient compliance with the statute requiring them to be named, but shall assume that this construction of the will by counsel and by the circuit court is correct. As these children were her only heirs at law, to whom her property would descend in the event she died intestate, and, as by force of the statute she must be deemed to have died intestate as to them by reason of the fact that neither of their names was mentioned in the will, it follows, we think, that the attempted devise to her husband was void, and passed no title. The names of neither of the children being mentioned in the will, all of the property, by virtue of the statute, passed to them, and there was nothing left upon which the will could act. Sand. & H. Dig., § 7400.

But the fact that the will of Hannah Strauss was void, and passed no title to her husband, does not necessarily preclude him or those holding under him from demanding of the plaintiffs pay for improvements made by him, if they were made in good faith under the belief that he was the owner of the land in fee by virtue of such will. The statute says that "if any person, believing himself to be the owner, either in law or equity, under color of title, has peaceably improved, or shall peaceably improve, any land which upon judicial investigation shall be decided to belong to another," he may recover for the improvements, and have their value assessed in the same action in which the title to the lands is adjudicated. Sand. &. H. Dig., § 2590. The improvement must be made in good faith under color of title. Color of title has been defined to be a writing purporting to pass title, but which does not do so, either for want of title in the person making it or from a defect in the conveyance itself—a title that is imperfect, but not so obviously so that it would be apparent to one not skilled in the law. *Beverly* v. *Burke,* 54 Am. Dec. 351; 1 Am. & Eng. Enc. Law, (2d Ed.), 846.

Now, though the defect in this will appears on its face, still its invalidity is not so obvious as must necessarily have been noticed by a person of ordinary information, not skilled in the law; and Strauss, while holding under it, was holding under color of title, within the meaning of the betterment statute. If he held and improved this real estate under the will, believing that by virtue thereof he was the owner in fee, and under such belief placed permanent and valuable improvements thereon, he or his devisees would ordinarily be entitled to compensation for the same before they could be dispossessed by the owners thereof.

The fact that Abraham Strauss was the owner of a life estate as tenant by curtesy in this land is not conclusive against his right or the right of those holding under him to set up a claim for improvement. It is, no doubt, the general rule that improvements made by a life tenant pass free of charge to the remainderman; for where one, knowing that he has only a life estate in land, puts improvements thereon, he must know that after his death the improvements, as well as the land, will pass to the owner of the remainder or reversionary interest. But where he is ignorant of the fact that his title is limited to a life estate, the case may be different, under our statute. Under it the holder of a life estate may be

entitled to compensation for betterments when he in good faith claims the entire interest under color of title thereto, and makes the improvements under the belief that he is the owner in fee. *Fee* v. *Cowdry,* 45 Ark. 410.

We come now to the most difficult point in the case, and the one on which the claim for improvements was rested. The circuit court held that the minor child of Hannah Strauss had a right of homestead in the land in controversy, which had been owned and occupied by her mother as a home, and that this right could not be defeated by a claim to compensation for improvements on the part of the defendants. We are of the opinion that this decision was right. For, conceding that counsel for appellant was correct in saying that the homestead of a married woman should after her death pass to and inure to the benefit of her children, and conceding also that Abraham Strauss, by virtue of his marriage to Hannah Strauss in 1866 and the birth of children by the marriage before the adoption of the constitution of 1874, became entitled to an estate of curtesy in the land, still Hannah Strauss died in 1883, after the constitution of 1874 had been adopted. She and her husband lived upon the land at the time of her death. It was their home, and her children would have been entitled to a homestead therein but for the fact that their father had an estate for life as tenant by curtesy. The only obstacle in the way of their homestead rights was this life estate, and when he died, and the life estate terminated, they were entitled to it as the homestead of their mother. At the time this action was tried in the circuit court, all these children were of age except Josie Strauss, but, she being a minor, it follows from former decisions of this court that her action for the recovery of her homestead cannot be defeated by a claim for compensation for improvements on the part of defendant. *McCloy* v. *Arnett,* 47 Ark. 456.

It is true that these decisions do not go to the extent of holding that the claim to compensation for improvements can be entirely defeated in such case. They only hold that it cannot be asserted against the claimant of the homestead, so as to defeat his action for the recovery of the homestead. For this reason counsel for appellants contend with much force that the value of the permanent improvements should have been assessed by the circuit court, and the enforcement of the judgment therefor suspended until the expiration of the minor's homestead estate. But the

difficulty in the way of sustaining this contention is that the statute has made no provision for this method of procedure. It directs that the court or jury trying the case shall assess the value of the improvements in the same action in which the title to the land is adjudicated. Now, as before stated, these improvements cannot be assessed against the minor's homestead estate. If they can be allowed at all, it must be against the reversionary interest of those entitled to the land after the expiration of the homestead estate, but it would be next to impossible to determine what the value of the improvements would be after the homestead estate has expired. They might be destroyed by fire or tornado or damaged by the use of the homestead tenant, and no one could foretell what the condition of the improvement would be, or how much it would add to the value of the reversionary estate. To attempt to do so several years before the termination of the homestead estate would be only guesswork, and was evidently never contemplated by the framers of this statute. As the statute requires the value of the improvement to be assessed in the same action in which the title for the land is adjudicated, and as, by reason of the fact that this is an action for a homestead, neither the improvements nor any part thereof can be assessed against the claimant thereof, so as to defeat his action, it is doubtful if defendant can in anyway recover for these improvements. It seems that further legislation is necessary to cover cases of this kind. *Burkle* v. *Judge of Ingham County,* 42 Mich. 513.

There are other questions discussed, but on due consideration of them we are of the opinion that on the whole case the judgment is right, and it is affirmed.

BUNN, C. J., (concurring.) If the question as to the validity of the will had been definitely raised and insisted upon in argument by counsel for appellant, I should favor a reversal, because I am of opinion that the will is, in fact, valid under the statute.