JOHN J. ALLEN *v.* CLARENCE D. GATES, ET AL.

May Term, 1902.

Present: ROWELL, C. J., TYLER, MUNSON, START and STAFFORD, JJ.

Opinion filed August 21, 1902.

*Lien on rents and profits—Equitable accounting.*

In an accounting between the owner of real estate and one in possession with a lien thereon and a right to take the rents and profits to apply on the debt, the latter cannot have credit for rent paid for use of adjoining land.

Nor can he have credit for taxes paid upon improvements, in the absence of proof that the owner was under a legal duty to pay them, or that they were a charge on the premises.

One in possession of a building situate on another's land, who, believing himself to be the owner of such building, in good faith makes needed repairs thereon, which benefit the building to the extent of the expenditure, is entitled to credit therefor in an accounting of the rents and profits.

One accountable for rents and profits is chargeable with the value thereof while occupying the premises himself, though such occupancy is not profitable to him.

Damage occasioned to the building by the wrongful attempt to remove it, are properly chargeable to the offending party in an equitable accounting respecting such building.

One entitled to the rents and profits of premises is not accountable therefor or for damages resulting from neglect, during the time an injunction restraining him from interfering with the property is kept in force by the owner.

APPEAL IN CHANCERY. Heard on a special master's report and the defendants' exceptions thereto at the September Term, 1901, Chittenden County, *Watson*, Chancellor, presiding. Decree fixing the amount due the defendants at $589.97. The orator appealed.

*Charles T. Barney* for the orator.

The defendants should not have credit for the repairs. Whitney's right to rental of the building after April, 1894, was a naked permission not carrying with it a right to repair at the owner's expense. *Brown* v. *Burrington*, 36 Vt. 40; *Sanders* v. *Wilson*, 34 Vt. 318; *Morgan* v. *Walbridge*, 56 Vt. 405.

The rent of the land was probably allowed defendants by mistake. It was no part of the property in suit, and defendant's lien did not cover it.

The taxes should have been disallowed. The building became a part of the realty in 1894. Thereafter, assessment against Whitney was illegal, and not a lien. V. S. 405, 424. Defendants paid it at their risk, and no rule of law sanctions allowance of voluntary payment of a void claim. Further, this was paid after commencement of this suit, giving defendants full notice of the peril of payment.

The charge for rent to May 21, 1898, should bear interest from that date. Interest being allowed on the credit side of the account, is should also be allowed on the debit side. This item should also cover rent to date of filing the mandate. 18 Ency. Law, 303. The injunction did not stand in the way of renting or occupying the building. The orator should recover this rental as damages for the injury caused by the defendants' acts. *Allison* v. *Chandler*, 11 Mich. 548.

The item of cost of restoring the building should be made to cover all damage which has come to it. This being a suit in equity, all items of damages must be passed upon *here* or never. *Chapman v. Smith,* 9 Vt. 153; *Seaver* v. *Durant,* 39 Vt. 103. Want of care by the orator, if any, would not relieve the defendants. A wrong doer is responsible for consequential damages, and is not relieved by the fact that the consequences of his act could have been prevented or diminished by care of the injured party. *Phares* v. *Stewart,* (Ala.) 33 Am. Dec. 317; *Kirby* v. *Douglas,* 75 Ill. 443; *Stevens* v. *Dudley,* 56 Vt. 168; *Ehrgott* v. *Mayor,* 96 N. Y. 264; *Hughes* v. *McDonough,* 43 N. J. L. 452; *McDonald* v. *Snelling,* 14 Allen 292; *Barbu* v. *Reese,* 60 Miss. 906; *Derry* v. *Flitner,* 118 Mass. 131; *Binford* v. *Johnston,* 82 Ind. 428; *Eten* v. *Luyster,* 60 N. Y. 252.

The injunction should stand free of condition of payment to defendants. Their lien gives defendants no right to remove the building, so the orator is entitled to his injunction.

*Hamilton S. Peck* for the defendants.

The master finds that the repairs were needed and benefited the building to the extent of their cost. A part of the expense of repairs was paid to Clapp, the orator's agent. The orator was willing to have the benefit of the repairs, but refused to pay for them, and raised the rent by reason of them. *Morgan* v. *Walbridge,* 56 Vt. 405.

The taxes were paid for the orator's benefit and should be allowed.

The defendants should only be charged with the rents *received.* The mandate speaks of rents and profits as "they accrue and are collected." If defendants *collected* none, none should be charged to them. The orator never demanded any rent of them. The report fails to show that the use of the building was of any value to them, or that they received any rents or profits. The question of rental value was not sub-

mitted to the master by the mandate.    At best, the orator could only be allowed the amount agreed to between Whitney and Englesby—nine dollars per month.

It is also insisted that, under the mandate, the item of damage to the building occasioned by its attempted removal should be disallowed.

Under the injunction, the defendants had no right to interfere with the building by occupying it, by leasing it, or otherwise.    So by the orator's own act he prevented their being chargeable for any rents after the injunction was granted.

START, J.    When this case was before this court, as reported in 73 Vt. 222, 50 Atl. 1092, it was held that there was due the defendants, November 4, 1897, for the building in question, the sum of five hundred and two dollars and nineteen cents, and that the defendants are entitled to the rents and profits of the premises as they accrue and are collected, to be applied toward the payment therefor.    Thereupon, the cause was remanded to the Court of Chancery, with mandate, among other things, that the cause be referred to a master for an accounting upon the sum due in equity to the defendants.    An accounting has been had pursuant to the mandate, and the only questions now properly before us for consideration are those arising upon the master's report.

Upon the accounting, there was allowed to the defendants the sum of five dollars, and interest thereon, for rent paid by the defendants for the use of a strip of land situate on the east side of the premises in question.    The sum due to the defendants for the building in question is in no way chargeable upon this strip of land, nor upon the rents and profits of the same; therefore, in determining what sum remains a charge upon the rents and profits of the building and the land upon which it stands, this item should be excluded.    Also the item of seventeen dollars and thirty-one cents paid by the defend-

ants for taxes, and interest on the same, should be excluded. The master finds that the tax was assessed on the list of 1898 to Whitney, on account of the building, because the defendants did not file their deed for record until the grand list had been made up for that year; and the master submits to the court the question whether this item should be credited to the defendants in the accounting. The defendants were not in the possession or control of the premises at the time they paid the tax, and sufficient facts are not found to show that the orator was under a legal duty to pay the same, nor that it was a charge upon the premises. Therefore, it cannot be considered in determining what sum remains a charge upon the rents and profits of the premises.

The master finds that the defendants expended the sum of one hundred and seventeen dollars and thirty-five cents for general and needed repairs upon the building, and that these repairs were made in good faith and benefited the building to the extent of their cost. The case shows that the defendants purchased the building of Whitney, paid three hundred dollars therefor, and claimed to own it at the time the repairs were made. See 73 Vt. 222, 50 Atl. 1092. Under these circumstances, the defendants might well believe that they were the owners of the building; and, it being found that they acted in good faith and that the building is benefited to the extent of the expenditure, this sum should be credited to them in an accounting, for the purpose of finding what sum they should account for as rents and profits. *Rutland Railroad Co.* v. *Chaffee,* 72 Vt. 404, 48 Atl. 700.

The defendants took possession of the building on the 4th day of November, 1897, and continued in the possession and occupancy of the same, without hindrance from any source, until the 21st day of May, 1898, when, by the procurement of the orator, they were enjoined from removing the building,

and from otherwise interfering with it, until the further order of the court.   The master finds the rental value of the building during the period the same was so occupied by the defendants, was one hundred and twenty-nine dollars and twenty-eight cents.   This item, with interest, was properly charged to the defendants in the accounting.   They saw fit to occupy the building themselves, instead of renting it, and the fact that their occupancy and use of it was not profitable to them does not exempt them from liability for the rental value.

In May, 1898, the defendants undertook to remove the building from the orator's land.   They employed a careful and skillful workman to superintend the moving of the same, and the building was placed on rollers ready for removal, when they were enjoined from removing or interfering with it, as is before stated.   The master finds that at the time the injunction was served upon the defendants, the building could have been put in as good shape as it was before the attempted removal for fifty dollars.   This sum, with interest, was properly chargeable to the defendants in the accounting.   It was damage that accrued to the orator in connection with the property, by reason of the wrongful act of the defendants in attempting to remove the building, and should be adjusted in an equitable accounting respecting the same.

The defendants are not liable for damage to the building that was caused by neglect, trespasses, and the ravages of time, after the injunction order was served upon them; nor are they liable for the rental value of the same during the same period. The injunction prohibited them from interfering with the building; and, upon the service of the same, the orator's agent entered the building, changed the combination on the lock, fastened it up so as to prevent others from going therein, and lowered the building upon the foundation, where it has since remained, and the defendants ceased to occupy, control or in-

terfere with the same. The injunction admits of the construction thus given to it by the defendants, and it was procured and kept in force by the orator. Under these circumstances, the defendants were under no duty to care for, occupy, rent or control the building. The duty of looking after and controlling the same, after the defendants were enjoined from interfering with it and excluded from its possession and control by the acts of the orator, rested upon the orator; and, if any loss has come to him, it is due to his neglect and inattention, and the same is not equitably chargeable to the defendants.

*Decree reversed and cause remanded, with mandate.*