HARMON v. SCOTT ET AL.

[No. 10,974.   Filed December 8, 1921.   Rehearing denied March
15, 1922.   Transfer denied October 5, 1922.]

1. VENDOR AND PURCHASER.—*Notice to Purchaser.—Public Rec-
ords.*—Under the recording act a purchaser of realty must
take notice of the public record, and a prior recorded deed
will defeat his title.  p. 560.
2. IMPROVEMENTS.—*Good-Faith Purchaser of Land.—Failure to
Acquire Title.— Recovery for Improvements.— Statutes.—* A
purchaser of land who failed to acquire title because of a prior
recorded deed, but who in good faith took possession and ex-
pended large sums of money in making improvements, *held* a
*bona fide* occupant entitled to recover for improvements made
under the Occupying Claimant Act (§1121 *et seq.* Burns 1914,
§1074 R. S. 1881).  p. 560.

From Tipton Circuit Court; *James M. Purvis,* Judge.

Action by California Harmon against William A. Scott and others, in which the named defendant filed a cross-complaint. From the judgment rendered, the plaintiff appeals. *Affirmed.*

*White & Haymond, Rollin Lennington and Gifford & Porter,* for appellant.

*Ellison & Neff* and *Gifford & Gifford,* for appellees.

McMAHAN, J.—Complaint by appellant to quiet her title to an eighty-acre farm in Delaware county. William A. Scott, who will hereafter be referred to as the appellee, filed a cross-complaint to recover the value of improvements made by him as an occupying claimant. The court found the facts specially to be in substance as follows:

On June 1, 1878, Elizabeth Dunkin, then a widow, being the owner in fee simple and in possession of the real estate in controversy, executed a warranty deed conveying said real estate to Joseph and Mary L. Remington for life with remainder over to appellant, then about eighteen years old and the wife of Edward Harmon. Mrs. Dunkin was the mother of Mrs. Remington. Appellant is the daughter of the Remingtons. Mr. and Mrs. Remington entered into possession of said real estate under said deed immediately after its execution and remained in possession until August 21, 1878, when they executed a warranty deed conveying said real estate to Elizabeth Dunkin. Upon the execution of this last deed Mrs. Dunkin entered into possession of said real estate and remained in possession of same until April 19, 1887, when she executed a warranty deed conveying said real estate to appellee in consideration of $400 paid to her by him. This conveyance to appellee was subject to a life estate in Elizabeth Dunkin and also subject to a life estate in Mary L. Remington after the death of

Mrs. Dunkin and provided that after the death of Mrs. Dunkin and Mrs. Remington, the said real estate should go to appellee. Each of said three deeds were recorded within forty-five days after their execution. Joseph Remington died October 22, 1882, Elizabeth Dunkin died April 20, 1892, and Mary L. Remington died June 19, 1914. Upon receiving said deed from Mrs. Dunkin, appellee immediately moved to and lived on said farm and in the dwelling house then located thereon, where he, Mrs. Dunkin, and Mrs. Remington lived together. He rented said real estate from Mrs. Dunkin during her life time and after the death of Mrs. Dunkin he continued to live on said farm and in said dwelling house with Mrs. Remington, paying her one-half of all the crops raised under a verbal rental contract until November 30, 1897, when appellee and Mrs. Remington entered into a written contract whereby the latter leased said real estate to appellee during the term of her life, the consideration for said lease being an agreement on the part of appellee to furnish and provide a home for Mrs. Remington in the dwelling house on said property, to board, care for, and clothe Mrs. Remington during her life time. This lease was acknowledged by the parties and duly recorded. Appellee complied with and fulfilled all of the requirements in said lease until the death of Mrs. Remington, June 19, 1914. Appellant never executed any conveyance of or any encumbrance on said real estate and had no actual knowledge of the existence of the deed from Mrs. Dunkin to Mr. and Mrs. Remington with the remainder to appellant or of the substance or contents thereof until more than forty years after its execution and for more than twenty-five years after the death of Mrs. Dunkin, and she believed during all of the time from the date of said deed in 1878 until a short time before the commencement of this action in December, 1918, that she had no interest in or to said

real estate, and made no claim thereto until some time in the latter part of 1918. Appellee had no actual knowledge of the substance or contents of said deed from Mrs. Dunkin to said Remington or of its existence until some time in the latter part of 1918. He in good faith during all of the time after the execution of the said deed to him believed he was the owner of the fee of said real estate subject only to the life estates in Mrs. Dunkin and Mrs. Remington and on the death of Mrs. Remington, June, 1914, he in good faith believed he was the owner in fee simple of said real estate and continued to so believe until a few weeks before the commencement of this action. Appellant paid no consideration whatever to Mrs. Dunkin or any other person for the conveyance of said real estate to her. At the date of the deed from Mrs. Dunkin to appellee in 1887, said real estate was worth $2,400 including all improvements. At the time of the trial said real estate with all improvements was worth $14,000. The rental value of said real estate since June 19, 1914, in the condition it was in at the time of the conveyance to appellee was $250 per year, making the total aggregate rental value from June, 1914, to the time of the trial $1,400. Appellee during said time sold timber from said property of the value of $98 which sum he received and converted to his own use.

When Mrs. Dunkin executed her warranty deed to appellee in April, 1887, said real estate was not drained, the fencing thereon was of little or no value, the valuable timber had been cut and removed, the tops and refuse from trees left thereon, the uncleared portions of said farm had grown up in underbrush, second growth timber and small trees, about fifty acres had never been cleared, all stumps and rocks still remained on the farm, the house that was then on said farm still remains there, the stable that was then on said farm was burned and replaced by another by appellee which

second barn also burned.   Appellee cleared approximately forty acres of said land.   He removed the stumps and rocks from all the cleared portions, planted an orchard, constructed fences, erected an eight-room cement block dwelling house with three additional rooms of wood, constructed a barn, tool shed, double corn crib, two small granaries.   All of said improvements are permanent and were placed on said farm by appellee in good faith and under the belief that he was the owner in fee simple of the real estate subject only to the life estates in Mrs. Dunkin and Mrs. Remington.   The value of the improvements so placed on said farm by appellee are as follows:   Clearing, $1,600; dwelling house, $2,000; stock and grain barn erected since the death of Mrs. Remington, $1,000; orchard, $100; corn cribs, $200; wood house, $25; two granaries, $75; two driven wells, $100; assessments paid on public ditches, $141; taxes paid since the death of Mrs. Remington, $381.83. All of said improvements were necessary, are lasting, suitable and proper for said farm.   Since the death of Mrs. Remington appellee in good faith, believing he was the owner in fee simple of said real estate and while claiming to own the same, borrowed money of certain other appellees and in order to secure the payment of the money so borrowed executed a mortgage upon said real estate to said coappellees.   The court also found that appellant June 19, 1914, was the owner of said real estate and entitled to possession; that the annual rental value of said real estate from said last date in the condition in which it then existed and up to the time of the trial was $400, or aggregating $2,230.

Upon these facts the court concluded as a matter of law that appellant was the owner of said real estate and entitled to have her title quieted thereto; that she was entitled to recover from appellee as a set off to his cross-complaint the rental value of said property from June

19, 1914, to the time of the trial, according to the condition of said real estate April 19, 1887, aggregating $1,400; that she was entitled to recover $98 for timber sold; that appellee was entitled to recover from appellant as occupying claimant for improvements, taxes and expenses $7,122.83; that appellant was not entitled to possession of said real estate until she paid the remainder of $5,624.83 found to be due appellee, that being the difference between the amount due appellee after deducting the amount due appellant from Scott for rent; that appellee Scott should recover $5,624.83 from appellant and that each of the coappellees holding mortgages executed by appellee were entitled to liens upon the interest of Scott in said real estate.

Appellant excepted to each of the conclusions of law, after which a decree was entered in accordance with the conclusions.

The errors assigned are that the court erred in each conclusion of law and in overruling appellant's motion for a new trial. The specifications in the motion for a new trial are: (1) That the decision is not sustained by sufficient evidence; (2) that the decision is contrary to law; and (3) in the admission of certain evidence.

The principal question for our determination is whether appellee as an occupying claimant can recover for the improvements which he placed on the real estate.

It is appellant's contention that she became the owner in fee of the real estate subject to a life estate in her father and mother, June 1, 1878, by virtue of the deed from Mrs. Dunkin to Joseph and Mary L. Remington; that the only title conveyed to Mrs. Dunkin by the Remingtons and by Mrs. Dunkin to appellee was the life estates of the Remingtons; that the recording of the deed from Mrs. Dunkin conveying the land to appellant and the Remingtons constituted notice to appellee of

appellant's title so as to prevent him from claiming that the improvements which he made were made by him in good faith and under the belief that he was the owner of the real estate.

All questions presented and urged for reversal, except the questions relating to the admission of evidence, relate to the right of appellee as an occupying claimant to recover the value of the improvements which he placed on the property. Appellee is not claiming to be the owner of the real estate. He concedes that under the facts appellant is the owner of the real estate. Appellant contends that since appellee was the owner of an estate during the life of Mrs. Remington, he as a life tenant is not entitled to compensation from the remainderman for the improvements made by him. In support of this contention appellant insists that the registry law not only defeats appellee's title but that it also defeats his claim for improvements.

There is no question but that under the recording act a purchaser must take notice of the public record and that a prior recorded deed will defeat the title
1, 2. of a subsequent purchaser. But there is a wide distinction between the rights of one claiming title to real estate and the rights of one claiming for improvements made in good faith by one having color of title. Section 1121 Burns 1914, §1074 R. S. 1881, provides that: "When an occupant of land has color of title thereto, and in good faith has made valuable improvements thereon, and is afterward, in the proper action, found not to be the rightful owner thereof, no execution shall issue to put the plaintiff in possession of the property after filing the complaint hereinafter mentioned, until the provisions of this act are complied with."

Appellee Scott had color of title. §1128 Burns 1914, §1081 R. S. 1881; *Philbin* v. *Carr* (1920), 75 Ind. App.

560, 129 N. E. 19. The court found that he made the improvements in good faith believing he was the owner of the fee.

We cannot agree with appellant's contention that appellee cannot recover for improvements for the reason that an examination of the records would have disclosed the deed from Mrs. Dunkin to appellant. The right of an occupying claimant to recover for improvements made by him under facts similar to the facts in this case has been frequently before the courts.

In *Canal Bank* v. *Hudson* (1884), 111 U. S. 66, 81, 4 Sup. Ct. 303, 28 L. Ed. 354, in discussing the question of constructive notice, the court quotes from *Cole* v. *Johnson* (1876), 53 Miss. 94, where it is said: "Our view is that, in order to deprive the occupant of land under color of title, of the value of permanent improvements erected thereon, there must be brought home to him either knowledge of an outstanding paramount title, or some circumstance from which the court or jury may fairly infer that he had cause to suspect the invalidity of his own title, but that this cannot be inferred merely because it could have been demonstrated by the records of the county."

The facts in *Fee* v. *Cowdry* (1885), 45 Ark. 410, 55 Am. Rep. 560, are very similar to the facts in the instant case. There, as here, was a conveyance by a life tenant and improvements made by the purchaser from the life tenant. The court in that case said: "As a general rule improvements made by life tenants, during the existence of the life estate, are referred to their interest in the land, and for them they would not be entitled to compensation. But it is different in this case. For a valuable consideration Camp (the life tenant) pretended to convey to Sewell, in fee simple, by warranty deed, the land in controversy. Sewell believed

that he, thereby, became the owner in fee simple. In this faith he, peaceably, made valuable and lasting improvements. * * * Sewell was a *bona fide* occupant; and unquestionably held under color of title. * * * If he had taken nothing by his deed he would most unquestionably have been entitled, under the statute, to compensation for his improvements. The failure to get what he had purchased and intended to hold and improve, and believed he had held and improved, but something else, should not defeat his right to compensation for the improvements." To the same effect see: *Gallenkamp* v. *Westmeyer* (1906), 116 Mo. App. 680, 93 S. W. 816; *Plimpton* v. *Plimpton* (1853), 12 Cush. (Mass.) 458; *Whitney* v. *Richardson* (1858), 31 Vt. 300; *Morrison* v. *Robinson* (1858), 31 Pa. St. 456; *Beard* v. *Dansby* (1886), 48 Ark. 183, 2 S. W. 765; *Rutland R. Co.* v. *Chaffee* (1900), 72 Vt. 404, 48 Atl. 700; *Bloom* v. *Strauss* (1902), 70 Ark. 483, 69 S. W. 549, 72 S. W. 563; *Lessee of Beardsley* v. *Chapman* (1853), 1 Ohio St. 119.

Appellee was permitted to testify that when he purchased the real estate from Mrs. Dunkin he in good faith believed she was the owner and that he thereby became the owner of the real estate in question and that when he made the improvements he also believed that he was such owner. Appellant objected to the admission of this evidence on the ground that appellee was bound to take notice of the record of the deed from Mrs. Dunkin to appellant. It follows from what we have heretofore said upon this question that there was no error in the admission of this evidence.

The court committed no error in stating the conclusions of law or in overruling the motion for a new trial.

Judgment affirmed.