## NEW YORK LIFE INSURANCE AND TRUST COMPANY v. COVERT.

September, 1867.

Reversing 29 Barb. 435.

The presumption of payment, declared by 2 R. S. 301, § 48, to arise after the lapse of twenty years from the time a right of action accrues on a sealed instrument for payment of money, is not available to the owner of the equity of redemption of land, to defeat a foreclosure, if the mortgagor has made payments upon the bond and mortgage within twenty years of the commencement of the foreclosure.

A mortgage having been duly recorded, the grantee of the equity of redemption takes his title subject to the lien of the mortgage, and the mortgagor still has power to prevent the exoneration of the land through the presumption of payment arising from the lapse of time, by making partial payment or written acknowledgment. Hence, a purchaser finding a mortgage upon the land cannot rely upon the presumption arising from the lapse of twenty years, but must ascertain, at his peril, whether anything has been done to repel that presumption.

An answer alleging payment of the debt is the proper mode of presenting as a defense the presumption created by statute arising from the lapse of twenty years.* Per GROVER, J.

The New York Life Insurance and Trust Company brought this action against Isaac Covert, in the supreme court, in 1853, to foreclose a mortgage given in 1829, by William Cornell, upon certain lands in Seneca county, where the mortgage was recorded shortly after its date. The mortgage was given

---

* And the defense is not available unless pleaded. Miner v. Beekman, 14 Abb. Pr. N. S. 1; S. C., 50 N. Y. 337.

to secure the payment of fourteen hundred dollars, in two annual payments from date, according to the condition of a bond of the mortgagor therewith given.

The bond and mortgage, by various assignments, were transferred to the plaintiff, long before the commencement of the action.

In 1837 or 1838, Cornell, who until then was in possession, conveyed the land to one Clay, in fee, and by various conveyances, the title became vested in the defendants before the commencement of the action.

Cornell, while he owned the land, made various payments upon the bond and mortgage, but none within twenty years of the commencement of the suit. After the conveyance of the land by Cornell, and while he had no interest therein, and within twenty years of the bringing of the action, he, without the knowledge of the then owners, in 1841, made two payments to the plaintiff upon the bond and mortgage.

The action was referred to a referee to report the facts, who heard the proofs of the parties, and made his report to the supreme court, at a special term, at which judgment was given for the plaintiffs for the sale of the mortgaged premises, and for payment of the amount found due, together with costs. The defendants appealed from this judgment to the general term, by which the judgment was reversed, and a new trial ordered. Plaintiffs appealed.

*William Betts*, for the plaintiffs, appellants;—Cited Hughes *v.* Edwards, 9 *Wheat.* 490; Heyer *v.* Pruyn, 7 *Paige*, 465, 469; Van Keuren *v.* Parmalee, 2 *N. Y.* (2 *Comst.*) 524; Shoemaker *v.* Benedict, 11 *N. Y.* (1 *Kern.*) 176; Winchell *v.* Hicks, 18 *N. Y.* 558; Stewart *v.* Smith, 10 *How. Pr.* 75, 77, 78; *Code*, §§ 73, 74.

*E. G. Lapham*, for the defendants, respondents;—Cited 14 *N. Y.* (4 *Kern.*) 302; Belmont *v.* O'Brien, 12 *N. Y.* (2 *Kern.*) 394; Watson *v.* Spence, 20 *Wend.* 263; Van Keuren *v.* Parmalee, 2 *N. Y.* (2 *Comst.*) 523; Shoemaker *v.* Benedict, 11 *N. Y.* (1 *Kern.*) 176; Winchell *v.* Hicks, 18 *N. Y.* 558; *Pars. Merc. Law*, 241; Morey *v.* Farmer's Loan & Trust Co., 18 *Barb.* 401; S. C., 14 *N. Y.* (4 *Kern.*) 302; Jackson *v.* Pierce, 10 *Johns.*

414; Bailey *v.* Jackson, 16 *Id.* 210; Arden *v.* Arden, 1 *Johns. Ch.* 313; Jackson *v.* Hotchkiss, 6 *Cow.* 401; Waddell *v.* Elmendorf, 12 *Barb.* 585; S. C., affirmed, 10 *N. Y.* (6 *Seld.*) 170; Van Rensselaer *v.* Livingston, 12 *Wend.* 490; Austin *v.* Thompkins, 3 *Sandf.* 22; Waddell *v.* Elmendorf, *supra;* Morey *v.* Farmer's Loan & Trust Co., *supra;* Jackson *v.* Ward, 12 *Johns.* 242; Giles *v.* Baremore, 5 *Johns. Ch.* 545; Park *v.* Peck, 1 *Paige,* 478; Heyer *v.* Pruyn, 7 *Id.* 465; Dunham *v.* Minard, 4 *Id.* 443; Austin *v.* Tompkins, 3 *Sandf.* 24, and cases cited; *Code,* § 173; 11 *N. Y.* (1 *Kern.*) 237; 14 *Id.* (4 *Kern.*) 85; 18 *Id.* 515; 20 *Id.* 355.

DAVIES, Ch. J. [After stating the facts.]—Defendants set up in their answer that said bond and mortgage had been paid, and that there was nothing due thereon. They attempted to show actual payment by Cornell of the whole amount due; but it appeared that in 1842 he paid to one De Mott a sum sufficient to liquidate the balance due on said bond and mortgage, but that De Mott had never paid the sum over to the plaintiffs.

The defendants then relied upon the presumption of payment created by the statute.

The Revised Statutes provide that " after the expiration of twenty years from the time a right of action shall accrue upon any sealed instrument, for the payment of money, such right shall be presumed to have been extinguished by payment; but such presumption may be repelled by proof of payment of some part, or by proof of a written acknowledgment of such right of action within that period." 2 *R. S.* 301, § 48.

The mortgage set out in the proofs in this action is not a sealed instrument for the payment of money. *Code,* §§ 162, 246.

It contains no covenant for the payment of money, and does not, therefore, fall within the class of instruments enumerated in the statute. The right of action upon such an instrument, it not being for the payment of money, cannot be affected by this clause of the statute.

It is well settled in this State that a mortgage is a mere security—a pledge of land covered by it for the money borrowed

or owing and referred to in it. Kortright v. Cady, 21 N. Y. 343.

But the mortgage ceases to have any force or effect, upon the extinguishment of the debt for which it is given as security.

If the debt secured was paid, then the lien of the mortgage was at an end. It becomes, therefore, the turning point in this case, to ascertain if that debt is paid.

The statute, we have seen, already quoted, declares that after twenty years from the time a right of action shall accrue upon a sealed instrument for the payment of money, such right shall be presumed to have been extinguished by payment.

Now, this bond was a sealed instrument for the payment of money. The right of action accrued upon it on April 1, 1831, when the last installment became due. This action not having been commenced until August, 1853, the presumption arose that it had been extinguished by payment.

This is now the claim of the defendants—not actual payment, but the presumption of payment created by this lapse of time, and the provision of the statute. In Morey v. Farmer's Loan & Trust Co., 14 N. Y. 302, WRIGHT, J., refers to this statute, and the change it effected. He says: "Prior to the enactment of this provision, at common law a presumption of payment of a bond, mortgage, or other contract for the payment of money, was allowed to prevail, to the defeat of actions on those instruments, after the lapse of twenty years, or, in some cases, a less time.

"Such presumption, however, might have been rebutted by any evidence, parol or written, tending to show that payment had not been made. The revisers of the statute, whilst they proposed to fix the term that should elapse before the presumption attached, did not propose to disturb the rules of evidence by which the presumption of payment might be repelled, and accordingly, as they reported the section to the legislature, it read, 'but such presumption may be repelled by competent proof of an acknowledgment of such right of action within that period,'—thus leaving it to the courts to say what circumstances should be sufficient to repel the presumption.

III—23

"The legislature struck out the words "competent proof," and in place thereof inserted 'by proof of payment of some part, or by proof of a written acknowledgment of such right of action within that period,'—clearly evincing an intention to restrict the repelling evidence to proof of payment of part, or an acknowledgment in writing of the right of action within the twenty years. *Revisers' Notes to section* 48, *supra.* The intention of the statute was to exclude every description of rebutting evidence except that expressly mentioned in it. The maxim, ' *expressio unius exclusio est alterius,*' is as applicable to the construction of statutes as to contracts."

We have thus laid down a clear and unmistakable rule to apply to the construction of this statute. As the mortgage stands as a simple security for the debt mentioned in the bond, it follows that whenever that debt is paid, or no action can be maintained to enforce its payment, the lien created by the mortgage ceases, and it, of course, cannot be enforced. The bond given is an instrument for the payment of money, and, if an action cannot be maintained upon it, such right shall be presumed to have been extinguished by payment.

Thereupon the defendants have set up in the answer payment of the debt which the mortgage was given to secure, and have been allowed to prove:

1. Actual payment; and, failing in that, 2. Constructive payment by lapse of time, which the statute declares shall be deemed presumptive payment. The plaintiffs rebut or repel this presumption by showing payments in part of that debt by the obligor of the bond given therefor, and the person primarily bound to pay the same, within twelve years before this action was commenced. It clearly follows, therefore, that at the time these plaintiffs sought to enforce their lien upon the land pledged for the payment of this debt, that debt remained in full force and vigor, and the presumption of payment arising from lapse of time was repelled and overcome.

These defendants have no equities superior to the right of these plaintiffs to resort to the pledge given to secure their debt. It still remains a debt due and owing to them, and their right of action upon the sealed instrument given for its payment remained in its pristine force and vigor at the time of

the commencement of this action. These defendants purchased the premises pledged for the payment of that debt with full knowledge of its existence, and we are authorized to assume that either the amount due at the time of their purchase was deducted from their purchase money, or, in lieu thereof, they elected to rely upon the personal covenant of their grantors to save them harmless therefrom.

I cannot concur in the view that the lien is extinguished for the payment of this debt, without some act or omission of the holder thereof, so long as the debt, for which it stands as security, remains legal, valid, subsisting and unpaid.

In Hughes *v*. Edwards, 9 *Wheat*. 489, a bill was filed to foreclose a mortgage given in 1793, and recorded in 1794. The bill was filed in June, 1816. Subsequent to the execution of the mortgage, the mortgagor sold part of the mortgaged premises to several parties, who were made defendants, and it was claimed that the plaintiffs were barred of their right to foreclose by length of time. It appeared that the mortgagor had written two letters to one of the plaintiffs, in 1803 and 1808, admitting that the mortgage was then subsisting, that the debt was unpaid, and they contained promises to pay it when it should be in the power of the writer. In addition to this, credits were indorsed on the bond for payments made January 15, 1798, May 15, 1803, and August 2, 1808. The court said: " The mortgagor, then, cannot rely upon length of time to warrant a presumption that this debt has been paid or released, the circumstances above detailed having occurred from eight to thirteen years only prior to the institution of this suit."

It is apparent from the case that the acknowledgments and payments were made by the mortgagor, after the conveyance by him of portions of the mortgaged premises to other defendants. WASHINGTON, J., in the opinion of the court, says:

" But it is insisted that, although these acknowledgments may be sufficient to deprive the mortgagor of a right to set up the presumption of payment or release, they cannot affect the other defendants, who purchased from him parts of the mortgaged premises, for a valuable consideration.

" The conclusive answer to this argument is, that they were

purchasers, with notice of this incumbrance. It must be admitted, that it was but constructive notice; but for every purpose essential to the protection of the mortgagee against the effect of those alienations, it is equivalent to a direct notice, and such is unquestionably the design of the registration laws of Kentucky.

" A purchaser, with notice, can be in no better situation than the person from whom he derives his title, and is bound by the same equity which would affect his rights. The mortgagor, after forfeiture, has no title at law, and none in equity, but to redeem upon the terms of paying the debt and interest. His conveyance to a purchaser with notice, passes nothing but an equity of redemption, and the latter can, no more than the mortgagor, assert that equity against the mortgagee, without paying the debt, or showing that it has been paid or released, or that there are circumstances in the case sufficient to warrant the presumption of those facts, or one of them.

" The court is, therefore, of the opinion that this objection cannot be sustained by either of the appellants."

The doctrine of this case has received the unqualified approval of Chancellor WALWORTH, in Heyer v. Pruyn, 7 Paige, 465. In this case the mortgage was given in July, 1809. In 1812 the mortgaged premises were sold, under judgment against the mortgagor, and purchased by one Van Dyke.

At the time the arrangement was made whereby Van Dyke was to become the purchaser, a statement of all the judgments and other incumbrances on the property was made out, and Heyer's mortgage was included therein, for the whole amount of principal and interest from its date, as a valid and subsisting incumbrance on the premises.

Van Dyke subsequently conveyed the premises to one Shaver, through whom the defendants took title.

The chancellor held, that the fact of the purchase by Van Dyke, with full notice of the bond and mortgage, and of the amount claimed to be due thereon, was a distinct recognition by him of the existence of that bond and mortgage as a valid lien upon the premises in September, 1812; and that, if he had continued the owner of the mortgaged premises until the commencement of that suit, in January, 1832, it was evident

that he could not have set up lapse of time as a bar to the complainant's suit, even if there had been no subsequent payment on the bond and mortgage, nor any recognition of the same as a subsisting debt. The chancellor says: "The defendants, therefore, claiming through the conveyance from Van Dyke to Shaver, sit in the seat of the grantor in that conveyance, and are bound by his previous recognition of the mortgage as a subsisting incumbrance upon the premises, within twenty years.

" In the case of Hughes v. Edwards, *supra*, the supreme court of the United States held, that purchasers from the mortgagor, who had either actual notice of the mortgage at the time of their purchases, or had constructive notice by means of the registry, were bound by a previous acknowledgment of the person under whom they claimed, of the existence of the indebtedness within twenty years."

These views would seem to be decisive of the plaintiffs' right to maintain this action, and to have the land sold which had been pledged for the payment of their debt, which debt, at the time of the commencement of this action, was valid, subsisting, and legal.

A majority of the judges concurred in this opinion.

GROVER, J. [After stating the facts and quoting the statute.]—In the present case, Cornell, by making payments upon the bond and mortgage within twenty years of the commencement of the suit, has repelled the presumption of payment, so far as he is concerned, and as against him the debt was valid and subsisting,—against which he had no defense.

The defendants insist, that although the debt was in full force against Cornell, yet the presumption of payment applies to them, inasmuch as they and the other owners of the equity of redemption have made no payment upon the mortgage within twenty years from the time it became due before the commencement of the suit.

The counsel, in support of this position, cites Van Keuren v. Parmalee, 2 *N. Y.* 523, and other cases, holding that payment by one joint debtor upon a demand does not prevent his

co-debtor from availing himself of the statute of limitations as a defense. This is based upon the want of authority of one joint debtor to do any act affecting the rights of the other debtor. In the present case it cannot be claimed that the mortgage debtor had any authority from his grantor, or the other owners of the equity of redemption, to act as their agent in any respect, or to do any act affecting their rights. He could not by any act of his create or continue any debt or liability against them without their assent.

He could not, after the conveyance by him, do any act affecting the title of his grantors. In these positions I fully concur with the reasoning of the learned counsel. But I think the present case does not come within any of the above propositions. Cornell, while owner of the premises, mortgaged the same as security for his debt.

His grantor took the title subject to this pledge. The record of the mortgage was notice to all of the existence of the mortgage.

The land, having been pledged as security for the debt of Cornell, would so continue until that debt was in some manner discharged, unless the land was released from the lien by some act of the holder of the mortgage.

Cornell had the power to prevent the discharge of the debt by the presumption of payment from lapse of time, by making partial payment or by written acknowledgment. This he has done; consequently the debt is in full force against him. The pledge was made by him to secure this debt of his own, not to secuee any debt of the defendants, or of any owner of the equity of redemption. Subject to this lien for Cornell's debt, his grantor and the other owners of the equity of redemption took the title, and also subject to the power of Cornell to repel the presumption of payment in the mode specified in the statute. The defense claimed was that of the payment of the debt of Cornell. The evidence relied upon for its support was the presumption from lapse of time. This presumption was repelled by proof of payment by Cornell, the debtor.

The defense of payment of the debt, therefore, failed. This was not continuing or reviving a debt against the defendants. There was no debt against them at all upon the mortgage or

bond. No personal liability against them was claimed. It was not an act affecting their title. That title was always subject to the lien of this debt of Cornell's, and all that Cornell did was to furnish the proof that the debt had not been paid. No presumption of payment by the defendants could attach by virtue of the statute, for the reason that they owed no debt, nor were subject to any liability that could be satisfied. They owned the land, subject to the pledge for the payment of the debt of another, and when they sought to discharge it therefrom, the *onus* was upon them to show payment of the debt; and any evidence that was competent and sufficient to prove the debt not paid was an answer to the defense, and proved the continuance of the lien.

In Heyer *v.* Pruyn, 7 *Paige*, 465, it was held that a recognition of a mortgage as an existing lien by one about to acquire title, and who did thereafter acquire it, continued the lien for twenty years after such recognition, as against him and his subsequent grantors. In Hughes *v.* Edwards, 9 *Wheat.* 489, the supreme court of the United States held that a subsequent purchaser, having constructive notice of a mortgage, by reason of its registry, was bound by an acknowledgment of a former owner within twenty years, although he had no notice of such acknowledgment.

These cases, while not involving the precise question in the present case, show that a purchaser, finding a mortgage upon the land, cannot rely upon the presumption arising from the lapse of twenty years, but must ascertain, at his peril, whether anything has been done to repel the presumption arising from that fact. The registry of a deed given by a mortgagor subsequent to the mortgage, is no notice of such conveyance to the mortgagee. The latter is under no obligation to search for such conveyance. A rule holding the lien of a mortgage discharged after the lapse of twenty years from its becoming due, notwithstanding the mortgagor had punctually, from year to year, paid the annual interest, because of a conveyance of the mortgaged premises by the mortgagor, unknown to the mortgagee, would be harsh and unjust.

To hold that the lien continues until the debt for which the mortgage was given was discharged by the debtor, is no hard-

ship to the purchaser of the equity of redemption. He knows of the lien when he purchases, and may at any time thereafter make payment; or otherwise, if practicable, procure its discharge. To hold a debt presumptively paid, and therefore adjudge it paid as to third persons, while it is found not paid, but in full force against the debtor, would be anomalous.

This statute is not analogous to that of limitations. This, upon which the present defense is predicated, merely establishes a rule of evidence as to payment upon sealed instruments. And the answer alleging payment of the debt was the proper mode of presenting the defense, whether proof of payment in fact, or the presumption created by the statute, was relied upon to sustain such allegation.

The order of the general term, reversing the judgment of the special term, and directing a new trial, should be reversed, and the judgment of the special term affirmed.

A majority of the judges concurred.

Order granting new trial reversed, and judgment of special term affirmed, with costs.