WILLIAM F. MEAGHER *vs.* JAMES A. HAYES & others.

Suffolk.   March 28, 1890. — September 5, 1890.

Present: FIELD, C. J., DEVENS, W. ALLEN, C. ALLEN, & HOLMES, JJ.

*Mortgage of Real Estate — Building as Personal Property — Fixture.*

A building which is moved upon mortgaged land without the mortgagee's consent, and is placed upon posts sunk in the soil and boarded in above it, with an interior brick chimney resting on the ground, will pass as a part of the realty at a sale under a power contained in the mortgage, although the mortgagor agreed that it should remain personal property and be removable, and the purchaser was notified at the sale of such agreement.

BILL IN EQUITY to prevent the removal of a building alleged to be personal property. The case was heard upon the pleadings and an agreed statement of facts, by *Field*, J., and was as follows.

The land upon which the building stood formerly belonged to one Bryan, and was mortgaged by him to one Fitzgerald. Subsequently the defendant Hayes, the owner of the building, moved it upon the land under an agreement made with Bryan that the building should be and remain personal property, and be removable. The building was twenty-two feet wide and thirty-two feet long, built of wood, with one story and an attic, the lower part being fitted for a store and the upper for a tenement. It stood upon posts sunk in the ground, without underpinning, the space between the house and the ground being boarded in; and a brick chimney within the building rested on the ground. The defendant Hayes sold the building as personal property to the defendant Russell, with whom Bryan also agreed, before the foreclosure of the mortgage, that the building should be and remain personal property. The mortgage was duly foreclosed and the land sold, under a power contained therein, to the plaintiff, who was notified at the time of Russell's claim of ownership to the building. Subsequently, Russell sold the building to the defendant James Commons, with whom Bryan also agreed that the building should remain personal property and be removable. James Commons employed the defendant Finn to remove the building, and he began to remove the same before the bringing of the bill.

The judge ruled, that, although the plaintiff took title with knowledge of Russell's claim, yet, as it did not appear that the mortgagee ever agreed that the building should be personal property, it became a part of the land covered by the mortgage, and ordered a perpetual injunction to issue against the defendant James Commons, and, at his request, reported the case for the consideration of the full court.

*H. Kingman*, for James Commons.

*J. A. Maxwell & J. P. Barlow*, for the plaintiff.

W. ALLEN, J. The building put upon the land by the consent of the mortgagor, and without the consent of the mortgagee, was clearly, as regards him and the mortgagee, a part of the

realty, and covered by the mortgage. *Butler* v. *Page*, 7 Met. 40. *Cole* v. *Stewart*, 11 Cush. 181. *Guernsey* v. *Wilson*, 134 Mass. 482. The foreclosure of the mortgage was by sale, and the right of the mortgagee to sell the building as part of the mortgaged property could not be affected by agreements in regard to it to which he was not a party, nor by notice of the claims of the defendants given to one who buys the house at the sale. *Clary* v. *Owen*, 15 Gray, 522. *Hunt* v. *Bay State Iron Co.* 97 Mass. 279. *Southbridge Savings Bank* v. *Exeter Works*, 127 Mass. 542.                                    *Decree affirmed.*

## MEMORANDUM.

ON the seventeenth day of September, 1890, JAMES M. MOR-TON, Esquire, of Fall River, was appointed a Justice of this court in place of Mr. Justice FIELD, appointed Chief Justice, and took his seat upon the bench on the twenty-third day of the same month, at the term of this court then held at Boston for the county of Suffolk.