## WILLIAM M. KENDALL *v.* TRACY, HATHAWAY & HATHAWAY.

*Mortgage. Payment by Mortgagor. Estoppel. Betterments.*

1. A payment by the mortgagor within fifteen years prevents the running of the statute as to the entire premises, notwithstanding the mortgagor, to the knowledge of the mortgagee, has conveyed a portion of the same to a third party, who has been in the exclusive occupancy thereof for more than fifteen years, without making any payment upon or otherwise recognizing the mortgage debt.

2. In such case the mortgagee is not estopped from asserting his lien by the fact that he has stood by and seen the grantee expend large sums upon the granted portion, it not appearing that the grantee was misled by the mortgagee.

3. Nor is the grantee entitled to betterments, if he knew of the existence of the mortgage when he accepted the conveyance.

Petition to foreclose a mortgage. Heard on bill, answer, and a master's report, at the December term, 1889. Ross, chancellor, decreed foreclosure as to all the defendants. The defendants Hathaway appeal. The opinion states the case.

*J. G. Harvey* and *D. C. Denison*, for the petitioner.

A payment having been made on the note within fifteen years, the mortgage is in force as against the entire premises. *Richmond* v. *Aiken*, 25 Vt. 234; *Wiers & Peck* v. *Nelson*, 26 Vt. 13; *Wright & Ainsworth* v. *Lake*, 30 Vt. 206; *Townsend* v. *Downer*, 32 Vt. 183; Robert's Digest 553; *Hollister* v. *Young*, 59 Vt. 1.

*Norman Paul*, for the defendants Hathaway.

Equity follows the law and a suit in ejectment would not lie for the land occupied by the Hathaways'. R. L. s. 951; I Sto. Eq. Jur., ss. 64 a, 529; *Martin* v. *Bowker*, 19 Vt. 526; *Dexter*

*et al*, v. *Arnold*, 1 Sumner, 109 ; *Same* v. *Same*, 3 Sumner, 152, *Pratt* v. *Vattier*, 9 Peters, 405 ; *Miller* v. *McIntyre*, 6 Peters; 61 ; *Carlson* v. *Walton*, 9 Peters, 62 ; *Crittenden* v. *Brainard*, 2 Root, 485 ; *Skinner* v. *Smith*, 1 Day 124 ; *Bunce et al*, v. *Wolcott*, 2 Conn. 27 ; *Collidge* v. *Learned*, 8 Pick. 508 ; *Giles* v. *Baremore et al*, 5 Johns. Ch. 545.

Payments made by the original mortgagor would not affect their rights. 2 Jones Mort. s. 1198 ; *Hubbard* v. *Mo. Valley L. Ins. Co.*, 25 Kan. 172 ; *Schmuker* v. *Sibert*, 18 Kan. 104 ; *Alms House Farm Masters* v. *Smith*, 52 Conn. 434.

The petitioner is estopped. 2 Sto. Eq. Jur., s. 1546 ; 2 Jones Mort., s. 1189 ; *Wheeler* v. *Willard*, 44 Vt. 640 ; *Faxton* v. *Faxton*, 28 Mich. 159 ; *Miller* v. *Bingham et al*, 29 Vt. 82 ; *Wright* v. *Whitehead et al*, 14 Vt. 268 ; *Stafford* v. *Baldwin et al*, 17 Vt. 329 ; *Green* v. *Smith*, 57 Vt. 268 ; *Sneed* v. *Osborne*, 25 Cal. 619 ; *Calumet* v. *Pacheco*, 48 Cal. 391 ; *Woods* v. *Wilson*, 37 Penn., St. 379 ; *Harcourt* v. *White*, 28 Beav. 303 ; *Swain* v. *Seamans*, 9 Wall. 254 ; *Duke of Beaufort* v. *Patrick*, 17 Beav. 60 ; *Carr* v. *Wallace*, 7 Watts, 394.

The defendants are at least entitled to betterments. *Morgan* v. *Walbridge and Chase*, 56 Vt. 405 ; 2 Sto. Eq. Jur., s. 1237 ; *McLaughlin* v. *Barron*, 31 Md. 425.

The opinion of the court was delivered by

TYLER, J. This is a petition to foreclose a mortgage. It was taken as confessed as to the defendant Tracy. Defendants Hathaway answered, claiming the benefit of the statute of limitations, and the case was referred to a master, who reported that the petitioner, Jan. 2, 1866, sold and conveyed a farm in Hartland to defendant Tracy and took back from him a mortgage on the farm to secure the payment of Tracy's promissory note of that date for $2,600, payable to the petitioner on demand with interest annually ; that Dec. 23, 1871, Tracy, by a warranty deed conveyed a small piece of the mortgaged land, worth $100, for a mill-site, and $15 for farming purposes, to the Hathaways,

for the nominal consideration of $400, but in fact, for the consideration that the grantees would 'build a dam and saw mill upon the land conveyed to them. The deed of this land was drawn for the petitioner and Tracy to sign, but it was never presented to the petitioner for that purpose, nor was he requested to execute it. It was executed by Tracy and delivered to the Hathaways, who caused it to be recorded, and in the year 1872 built a dam upon the stream, also a grist mill, saw mill and cider mill, at the expense or about $5,000. When the Hathaways took their deed they knew that the land conveyed to them was covered by the mortgage to the petitioner, but nothing was ever said between them and the petitioner or between the latter and Tracy in regard to the mortgage. The petitioner knew that the Hathaways were intending to build the mills and was frequently on the site when they were being built, and has been at the mills several times a year since they were completed. Some years before the Hathaways took their deed the petitioner offered to give them this site if they would erect mills upon it, " but nothing was done towards it at that time." The Hathaways have occupied and operated the mills since they were built, claiming title thereto, and have paid nothing on the mortgage debt, nor recognized it, nor recognized that the petitioner had any interest in the land. Tracy from time to time made payments on the note so that it never became barred by the statute of limitations as to him. The master further finds that the Hathaways supposed that they had good title to the property ; also that the farm is increased in value by the mills being built upon it more than the value of the mill site, that the farm is now worth $2,500, the mills and site $2,000, and that there is due the petitioner on the mortgage debt $4,899.99.

1. The doctrine of estoppel has no application here. The petitioner did not say or do anything to mislead the defendants, nor was he bound to speak when he remained silent. He in fact had no knowledge in regard to the mortgage, aside from the

amount of it, which they did not possess. It does not appear that the defendants acted upon anything that the petitioner said or did in erecting their buildings upon the mortgaged premises. The defendants supposed that their deed gave them a good title, but it is not found that the petitioner knew that they so supposed. The petitioner might reasonably have believed that the defendants relied upon their grantor relieving the land from the mortgage, and they must be presumed to have known the law as to their rights and liabilities.

2. The defendants cannot avail themselves of the statute of limitations. They could acquire by their deed no better title than Tracy had, which title he held subject to the petitioner's mortgage, and that mortgage was kept from the operation of the statute by payments made by Tracy to the petitioner.

A payment of interest or part of the principal renews the mortgage, so that an action may be brought to enforce it within the statutable period thereafter. 2 Jones on Mort. s. 1198. In *Richmond* v. *Aiken et al*, 25 Vt. 324, it was held that the mortgagee's right of entry upon land was not lost, either by presumption or the statute of limitations, except by a continued interruption and ouster for the term of fifteen years, and that this interruption or ouster ceases upon the acknowledgment of the title of the mortgagee by the owner of the equity of redemption ; that his acknowledgment was binding upon his interest in the land and upon those who claimed an interest under him ; that the mortgage being upon record they must be regarded as having constructive notice of it and of its continual subsistence, inasmuch as the record put them upon inquiry and affected them with notice of every fact which they might have learned upon inquiry.

In *Hollister* v. *York et al*, 59 Vt. 1, it was held that a payment of the interest or part of the principal of a mortgage debt by one of several parties who are interested in an equity of redemption, and who have had constructive notice, repels the pre-

sumption that the mortgage has been paid, and takes the case out of the operation of the statute of limitations, not only as to the payer, but as to all the owners of the equity; that the mortgagee could not be deprived of the security given by the mortgage by any conveyances that might be made by the mortgagor or his grantees. *Hughes* v. *Edwards*, 9 Wheat. 489.

In *Heyer* v. *Pruyn*, 7 Paige 465, it was held that the purchaser of a mortgaged farm within twenty years recognized the existence of the mortgage as a subsisting encumbrance; that neither he nor those deriving titles under him could set up the statute as a bar to a foreclosure suit; that a purchaser with actual notice, or constructive notice by the registry, is bound by a previous acknowledgment of the one under whom he claims. In the elaborate note to this case (Law. Ed.) it is said that: "A purchaser with notice can be in no better situation than the person from whom he derives his title, and is bound by the same equity which would affect his rights. The mortgagor, after forfeiture, has no title at law, and none in equity, but to redeem upon the terms of paying the debt and interest. His conveyance to a purchaser with notice passes nothing but an equity of redemption, and the latter can no more than the mortgagor assert that equity against the mortgage without paying the debt or showing that it has been paid or released, or circumstances sufficient to warrant the presumption of these facts." * * * "The vendee sits in the seat of his grantor, and is bound by his previous recognition of the mortgage as a subsisting incumbrance upon the premises."

In *Whitney* v. *French et al*, 25 Vt. 663, upon which the defendants' counsel relies, there was no payment of interest or principal within fifteen years, and it was held that there was a presumption of the payment of the mortgage, and conclusive, unless encountered by distinct proofs. In this case payments were made within fifteen years though some of them must have been made by the mortgagor after his conveyance to the defend-

FEBRUARY TERM, 1892. 527

ants. Their possession was not adverse to the mortgagee but was consistent with the rights of the latter.

3. Upon the facts reported the defendants are not en_ titled to betterments. It is found that when they took their deed from Tracy they knew that the petitioner held a mortgage on the farm, of which their mill-site was a part. They were not warranted in supposing that they acquired a good title to the land as against the petitioner's mortgage. They so supposed against their knowledge of the fact that the petitioner's title was superior to theirs. The right of a party to betterments depends upon his *bona fide* supposition that he bought the title in fee. *Whitney* v. *Richardson*, 31 Vt. 300.

*Decree affirmed, and cause remanded.*