(101 App. Div. 436)

## McMILLAN v. LEAMAN.

(Supreme Court, Appellate Division, First Department. February 10, 1905.)

1. FIXTURES—RIGHT BETWEEN CONTRACTOR AND MORTGAGEE.

One who does the plumbing in a building makes it part of the realty, so that he cannot claim it as against a subsequent mortgagee, though the contract under which he does the work provides that all material furnished shall remain his till he is paid; this not being recorded, and the mortgagee having no notice of it.

2. ESTOPPEL TO ASSERT LIEN.

One who puts the plumbing in a building is estopped to assert a lien thereon, as against the purchaser under a mortgage on the property; he having been in the salesroom on the day the sale took place, and, though knowing that the sale was to take place, having given no notice of his claim, and made no attempt to enforce it.

Appeal from Trial Term, New York County.

Action by John McMillan against Leonard Leaman. From a judgment on a verdict for plaintiff, and from an order denying a motion for a new trial, defendant appeals. Reversed.

Argued before VAN BRUNT, P. J., and McLAUGHLIN, PATTERSON, INGRAHAM, and LAUGHLIN, JJ.

Lucius H. Beers, for appellant.
Chauncey S. Truax, for respondent.

McLAUGHLIN, J. This is an action of replevin, and the facts, so far as material to the question presented, are as follows: The Metropolitan Investment Company, a foreign corporation, on the 12th of July, 1899, was engaged in constructing a building upon certain real estate in the city of New York, the record title of which stood in the name of one Wanmaker. On that day it entered into a written agreement with the plaintiff by which he was to supply all the necessary materials and perform all the work required for the plumbing of the building according to certain plans and specifications. The agreement contained a provision that "all materials furnished to the building above mentioned are to remain the property of the contractor until fully paid for." The plaintiff, between the 14th of July, 1899, and April 1900, performed his part of the contract, by putting into the building the entire plumbing equipment. On the 21st of July, 1899, Wanmaker, acting for the investment company, gave a mortgage upon the premises to one Lawson for $12,000, and, on the 30th of December following, gave another mortgage to him for $10,000 to secure the payment of moneys advanced to construct the building. Default having been

made in the payment of such moneys, the mortgages were foreclosed, and the premises sold to the defendant in this action; he receiving a deed therefor on the 14th of February, 1901. The plaintiff, not having been paid for the materials furnished in installing the plumbing equipment, in April, 1901, demanded payment from the defendant. The same being refused, this action was commenced to replevy the same. These articles constituted the entire plumbing of the building, such as bath tubs, sinks, water-closets, basins, pipes, faucets, etc. The trial resulted in a verdict in favor of the plaintiff, awarding him possession and damages for depreciation, and, in case possession was not given, awarding a specific sum as damages, which was the value of the property at the time of the trial, including the depreciation. Judgment was entered in accordance with the verdict, from which, and an order denying a motion for a new trial, defendant has appealed.

I am of the opinion that the judgment should be reversed. The plumbing equipment of which the plaintiff has been awarded possession was a part of the realty. The building could no more be used without such equipment than it could without the doors, windows, or the roof. It was put into the building with the intention of making it a part of the realty and an accession to the freehold. The contract between the plaintiff and the investment company contemplated physical annexation of the plumbing materials to, and incorporation of them in, the building, as a permanent improvement. All the essentials to change the character of the property from personalty to realty were complied with. These are physical annexation of one to the other, adaptation of the improvements to the use for which the realty was devoted, and an intent on the part of the plaintiff to make a permanent improvement. Potter v. Cromwell, 40 N. Y. 287, 100 Am. Dec. 485; Voorhees v. McGinnis, 48 N. Y. 278; Hoyle v. Plattsburgh & Montreal R. Co., 54 N. Y. 314, 13 Am. Rep. 595; Kribbs v. Alford, 120 N. Y. 519, 24 N. E. 811. The plaintiff and the investment company, as between themselves, of course, were competent, by agreement, to preserve the character of the plumbing materials as personalty. Ford v. Cobb, 20 N. Y. 344; Sisson v. Hibbard, 75 N. Y. 542; Tyson v. Post, 108 N. Y. 217, 15 N. E. 316, 2 Am. St. Rep. 409. But this they could not do as against a bona fide purchaser or mortgagee, who had never assented to, nor had notice of, the agreement. McFadden v. Allen, 134 N. Y. 489, 32 N. E. 21, 19 L. R. A. 446; Clary v. Owen, 15 Gray, 522; Meagher v. Hayes, 152 Mass. 228, 25 N. E. 105, 23 Am. St. Rep. 819; Hawkins v. Hersey, 86 Me. 394, 30 Atl. 14; Fuller-Warren Co. v. Harter (Wis.) 85 N. W. 698, 53 L. R. A. 603, 84 Am. St. Rep. 867; Andrews v. Powers, 66 App. Div. 216, 72 N. Y. Supp. 597; Jermyn v. Hunter, 93 App. Div. 175, 87 N. Y. Supp. 546. To hold otherwise would not only be contrary to the spirit and intent of the statute requiring conveyances of interest in real estate to be recorded, but against numerous decisions of our own courts. Thus in McFadden v. Allen, supra, the Court of Appeals held that the lien of a mortgagee covered all that was realty when the security was accepted, as well as all accessions thereafter made, un-

less such accessions were made under an agreement to which the mortgagee was a party. In Andrews v. Powers, supra, this court held, where a vendee in possession under a contract for the purchase of a house, without the knowledge or consent of the vendor, purchased and put therein a mantle, gas grate, and necessary connections, under an agreement with the seller that the title to such property should remain in the seller until fully paid for, that such property, in the absence of an agreement with the owner of the land, became part of the realty, and could not be removed without his consent. This case was cited with approval and followed in the recent case of Jermyn v. Hunter, supra, where boilers were placed in a building for the purpose of heating and supplying it with hot water under an agreement with the person placing them therein that title should remain in the seller until the purchase price had been paid. A mortgage upon the building was thereafter foreclosed and the premises sold, and it was held, as between the vendor of the boilers and the person who purchased the building at the foreclosure sale, that the title to the boilers passed to such person, as a part of the realty. Mr. Justice Hatch, delivering the opinion of the court, said:

"By undisputed evidence we think that it is established that the property sought to be recovered was at the time of the commencement of this action real property. It was procured for the purpose of being placed in the building then in process of erection, as a necessary and permanent adjunct to it. Its purpose was to supply the building with heat, which was necessarily essential to the use and occupation of the building, and as much required in its use as was light and access. * * * The sale of the property at the foreclosure carried with it the title to these fixtures, and the defendant, as purchaser at the sale, acquired good title."

It is true that in some of the states a different view has been entertained, but such view is not in harmony with the decisions of our own, the federal, or some of the other states—notably, those of Massachusetts, Maine, and Wisconsin. In Massachusetts the court, in Clary v. Owen, supra, said:

"We think it is not in the power of the mortgagor, by any agreement made with a third person after the execution of the mortgage, to give to such person the right to hold anything to be attached to the freehold, which, as between the mortgagor and mortgagee, would become a part of the realty."

In Meagher v. Hayes, supra, the court said that a building put on mortgaged land, and annexed to it in the usual way, without the mortgagee being a party to the transaction, becomes a part of the mortgaged security, notwithstanding an agreement between the owner of the building and the mortgagor that it should remain personal property, with the right of such owner to remove it, and that the purchaser of the land at a foreclosure sale became the owner of such building; and this notwithstanding the fact that he purchased with notice of the agreement.

These decisions of the Massachusetts court were followed by the Supreme Court of Maine in Hawkins v. Hersey, supra, the court saying:

"When machinery is sold and placed in a building for the purpose of making it available as a manufactory and permanently increasing its value for

occupation, an agreement between the seller and buyer that the title shall remain in the former until it is wholly paid for will not bind or affect the mortgagee of the realty, without notice, and such machinery will pass to the mortgagee as a part of the realty."

In Fuller-Warren Co. v. Harter, supra, the court of last resort in Wisconsin held that a hot-air furnace and the necessary connections put into a building for the purpose of heating it became part of the realty, and that the same could not be removed without the consent of a mortgagee, notwithstanding an agreement between the purchaser and seller that title was to remain in the seller until the purchase price had been paid. See, also, Porter v. Pittsburg Bessemer Steel Co., 122 U. S. 267–282, 7 Sup. Ct. 1206, 30 L. Ed. 1210; Phœnix Ironworks Co. v. New York Security & Trust Co., 54 U. S. App. 408, 83 Fed. 757, 28 C. C. A. 76. Here the agreement between the plaintiff and the investment company was never recorded, and, so far as appears, neither the mortgagee nor the defendant in this action had any notice of it. Under such circumstances, upon reason and authority alike, it must be held that the sale at the foreclosure carried with it the title to the materials which constituted the plumbing equipment, and the defendant, as purchaser, acquired good title. If this conclusion be correct, then it necessarily follows that the plaintiff was not entitled to recover.

I am also of the opinion that, as against the defendant, the plaintiff is estopped from asserting a claim to or lien upon the property for which a recovery has been had. The plaintiff, while not actually present at the foreclosure sale, admitted he was present in the salesroom on the day the sale took place, and that he knew the property was to be sold, notwithstanding which fact he gave no notice of his claim, nor did he then attempt in any way to enforce it. He is not, therefore, in a position to assert, as against an innocent purchaser, a claim which would deprive him in a very material way of a portion of his purchase. If he intended to assert a claim to any part of the property about to be sold, good faith and fair dealing required that would-be purchasers should be informed of that fact. Thompson v. Blanchard, 4 N. Y. 303; De Herques v. Marti, 85 N. Y. 609.

Other errors are alleged, but it is unnecessary to pass upon them, in view of the conclusion reached.

The judgment and order appealed from must be reversed, and a new trial ordered, with costs to appellant to abide the event. All concur.