## TRAVELERS INSURANCE CO. v. STAFFORD et al.

No. 26462. Jan. 26, 1937.

Rehearing Denied Sept. 28, 1937.

Eugene S. Wells and Reuel W. Little, for plaintiff in error.

Don Welch and Eva Thomas, for defendants in error.

PHELPS, J. On March 16, 1918, the defendants executed their note and mortgage on their land to the plaintiff. The note and mortgage were to be paid on October 1, 1927.

On August 13, 1919, they conveyed a part of the mortgaged land to one McKinney, who in turn conveyed it in 1925 to one Godwin. Both McKinney and Godwin assumed the mortgage indebtedness and agreed to pay it, as a part of the purchase price. Statements to that effect were in both of the deeds.

When the debt became due on October 1, 1927, no payment had been or was made thereon. On December 31, 1928, Godwin, the grantee, made a part payment of the debt to the mortgagee. The defendants, mortgagors, never at any time made any payment on the obligation. This action was filed on August 23, 1933, against the grantee Godwin and the grantor defendants, and the relief sought by the mortgagee was foreclosure of the mortgage against the entire mortgaged tract, no personal judgment being involved, as the mortgagee has waived it.

It is apparent from the above statement of facts that this action was filed more than five years later than the due date of the note and mortgage. The original mortgagors (grantors) asserted in the trial court that the five-year statute of limitations therefore barred foreclosure of the mortgage against that portion of the tract which was retained by them and not conveyed to Godwin. The mortgagee contended that the partial payment by Godwin, the grantee, on December 31, 1928 (which was less than five years after the due date, and also within the five years preceding the filing of the action), tolled the statute of limitations as to the grantors (the original mortgagors), and that therefore the action was filed within time so as to permit foreclosure of the mortgage against the land which had been retained by the grantors, as well as against that of the grantee. It is stated in the briefs that the trial court sustained

the contention of the grantors, and held that the payment by the grantee did not take from said grantors their right to defend with the statute of limitations. The plaintiff mortgagee appeals, urging the same contention with respect to its right to foreclose on the entire tract as was made by it in the trial court.

Some of the states hold that the payment of a part of the mortgage debt by a grantee who has either assumed or has not assumed the mortgage debt will not operate to start the statute running anew as it affects the grantors who made the mortgage. Other states hold oppositely, to the effect that such subsequent payment by the grantee has the same effect against the grantors as if the grantors had made the payment, in so far as the question of limitations on the mortgage is concerned. When the judgment was rendered by the trial court in this case, this state had not taken either position. The point had not been decided. Since the rendition of the judgment in the trial court, however, we held in Smith v. Bush, 173 Okla. 172, 44 P. (2d) 921, that where the mortgagor makes the payment, that starts the statute running anew as to his grantee, who, though having made no payment, cannot take advantage of the statute. We stated in that opinion that we adopted the view adhered to by Kansas, Arizona, Vermont, and certain other states and the Supreme Court of the United States. The doctrine in those states is that whether the payment be made by the grantor or the grantee, such payment tolls the statute on the mortgage as to the other party, grantor or grantee, as the case may be. McLane v. Allison, 60 Kan. 441, 56 P. 747; Perry v. Horack, 63 Kan. 88, 64 P. 990; McFarland v. Utz, 175 Ill. App. 525; Kaiser v. Idelman (Ore.) 108 P. 193; Kendall v. Tracy, 64 Vt. 522, 24 Atl. 1118.

In Smith v. Bush, supra, we discussed at considerable length the theory and principles involving this question, and it is unnecessary to repeat such discussion in this opinion. From the viewpoint of the question being considered, the only substantial difference in the cases is that in that case the payment was made by the grantor, who was the mortgagor, while here the payment is made by the grantee. If this difference in the facts is of any importance at all, it would be only that the facts in this case more clearly justify the rule than they did in the other decision. When the mortgagors in the instant case conveyed a por-

608

tion of the mortgaged premises, their grantee assumed the debt. So long as that debt was "alive" it supported the mortgage, and the mortgage was a lien on the entire tract, not just the part conveyed. Section 10957, O. S. 1931, provides in substance that a lien is extinguished by the mere lapse of the time within which an action can be brought upon the principal obligation, but here an action could be brought upon the original obligation. It should be pointed out that this case differs from actions involving purely personal judgments, such as Thomas v. Puett, 177 Okla. 140, 57 P. (2d) 877; Street v. Moore, 172 Okla. 336, 45 P. (2d) 73; Eichman v. Culver, 169 Okla. 495, 37 P. (2d) 640. The mortgage covered the entire tract and a valid, subsisting, enforceable debt supported it.

It was provided in the journal entry that the mortgage should be foreclosed against that portion owned by the grantee. The grantee did not appeal. It was further provided that such portion should be sold and if on appeal the judgment should be reversed as to the portion owned by grantors, then execution should be issued against grantors' land for the deficiency or difference between the amount of the judgment and the sale price of the grantee's land. No issue is presented on appeal on such action other than herein discussed.

The judgment is hereby reversed as to the portion owned and retained by the grantors, and the cause is remanded, with directions to proceed in conformity with the above views. If the portion belonging to grantee has been sold and a deficiency exists, let execution issue against grantors' portion for such deficiency, including costs of appeal; if the portion belonging to grantee has not been sold, let execution issue against the whole, in which case grantee's portion shall first be offered for sale, and if a sufficient acceptable bid in amount is received therefor to cover the judgment, attorney's fees and costs, the lien shall be removed from grantors' land; otherwise the bid shall be rejected and the whole offered for sale, and if any surplus exists it shall be paid to the grantors.

OSBORN, C. J., BAYLESS, V. C. J., and BUSBY, WELCH, CORN, GIBSON, and HURST, JJ., concur. RILEY, J., absent.